UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:18-cr-00010-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JAMES MASTERSON, | |
| Defendant. | |

This matter is before the Court on Defendant James Masterson's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 152.)  The Government filed an opposition.  (ECF No. 153.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

1    **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2        On November 14, 2019, Defendant pleaded guilty to Count Two of the indictment for use

3    of a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. §

4    843(b).  (ECF No. 130.)  On March 12, 2020, the Court sentenced Defendant to a 48-month term

5    of imprisonment to be followed by a 12-month term of supervised release.  (ECF No. 151.)  Since his

6    sentencing, Defendant has been in custody at the Sacramento County Jail and is likely to remain there

7    for some time due to modified operations for the Bureau of Prisons ("BOP").

8        Defendant filed the instant motion on April 24, 2020 arguing he is at a greater risk of

9    contracting COVID-19 because, while he is only 30 years old, he weighs 450 pounds, has high

10   blood pressure, and suffered damage to his lungs from smoke inhalation as a result of a car

11   accident on September 5, 2019.  (ECF No. 152 at 20.)  In opposition, the Government argues this

12   Court does not have jurisdiction to rule on Defendant's 18 U.S.C. § 3582(c) motion until he has

13   fully exhausted his administrative remedies or 30 days after Defendant submits a request for

14   compassionate release to the BOP.  (ECF No. 152 at 4–5, 6–8.)  The Government further argues

15   Defendant failed to demonstrate extraordinary and compelling reasons to warrant his release.  (*Id.*

16   at 8–11.)

17   **II.     ANALYSIS**

18       A.      <u>Exhaustion</u>

19       Generally, a court "may not modify a term of imprisonment once it has been imposed."

20   18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

21   compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

22   general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

23           upon motion of the defendant after the defendant has fully exhausted
             all administrative rights to appeal a failure of the Bureau of Prisons
24           to bring a motion on the defendant's behalf or the lapse of 30 days
             from the receipt of such a request by the warden of the defendant's
25           facility, whichever is earlier.

26       18 U.S.C. § 3582(c)(1)(A).

27   ///

28   ///

2

1    In the instant case, it is undisputed that Defendant has not met the threshold exhaustion

2    requirement of 18 U.S.C. § 3582(c)(1)(A).  Defendant argues instead that he does not have to

3    exhaust his administrative remedies because any attempt to do so would be futile given he is

4    housed at a county jail and therefore does not have a warden to whom he can send a request.

5    (ECF No. 152 at 10–11.)  Defendant further argues that he should not have to meet the exhaustion

6    requirement because the resulting delay could be catastrophic to his health.  (*Id.* at 11–12.)

7    It is unclear whether the Court has the authority to excuse the exhaustion requirement

8    under 18 U.S.C. § 3582(c)(1)(A).  While some courts have excused the requirement in the face of

9    the unprecedented COVID-19 pandemic, other courts have not.  For example, district courts are

10   divided in the Southern District of New York, an epicenter of the COVID-19 pandemic.  Some

11   courts in that district have excused the exhaustion requirement (1) where exhaustion would be

12   futile, (2) where the administrative process would be incapable of granting adequate relief, or (3)

13   where pursuing agency review would subject petitioners to undue prejudice.  *See, e.g.*, *United*

14   *States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020)

15   (citations and quotation marks omitted).  Other courts in the same district have declined to excuse

16   the mandatory exhaustion requirement in the absence of clear Congressional approval to do so.

17   *United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL 1862251, at *1 (S.D.N.Y. Apr. 14,

18   2020) ("The Supreme Court has explained that courts should not read futility or other exceptions

19   into statutory exhaustion requirements where Congress has provided otherwise.") (citation and

20   internal quotation marks omitted).  In declining to excuse the exhaustion requirement, the *Gross*

21   court acknowledged the "growing split" and stated that "the patchwork approaches of courts in

22   this Circuit underscore a great need for clarity — and a more comprehensive solution — from

23   Congress."  *Id.* at *2.

24   This Court need not and does not decide the issue because Defendant fails to persuade the

25   Court that the particular circumstances of his case warrant such a waiver.  Defendant fails to

26   assert any evidence that he has even attempted to make a request to the BOP and instead simply

27   cites recent decisions wherein other district courts have excused the exhaustion requirement for

28   defendants held outside of BOP facilities.  The Court has read and considered the decisions

3

1   Defendant cites and finds them to be factually distinct from the instant case in that those

2   defendants first sought to make a request to the BOP and were denied.  *United States v. Jepsen*,

3   No. 3:19-CV-00073(VLB), 2020 WL 1640232, at *3 (D. Conn. Apr. 1, 2020) (Defendant applied

4   for compassionate release to both his facility warden and directly to the BOP, was denied by both,

5   and only had approximately two months left in his sentence); *United States v. Gonzalez*, No.

6   2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020) (Defendant,

7   through counsel, contacted the BOP regarding processing of a compassionate release request, was

8   informed the BOP could not process the request because defendant was not housed at a BOP

9   facility.  The court found that defendant "effectively exhausted her administrative remedies by

10   petitioning the BOP, giving them notice, and being told she does not have any other

11   administrative path or remedies she can pursue.").

12          Further, the cases Defendant cites in support of his argument that exhaustion should be

13   excused due to the potential of a catastrophic health consequence are also factually distinct.  *See*

14   *Perez*, 2020 WL 1546422, at *2 (excusing exhaustion requirement where defendant had

15   "undisputed fragile health" and only three weeks left on his sentence); *United States v. McCarthy*,

16   No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020) (excusing

17   exhaustion requirement where defendant was 65 years old, suffered from a host of well-

18   documented heart and respiratory ailments, and had only 26 days left on his sentence); *United*

19   *States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020)

20   (excusing exhaustion requirement where defendant was 75 years old and provided medical

21   records proving he suffered from diabetes, hypertension, and obesity); *United States v. Colvin*,

22   No. 19 Cr. 179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (excusing exhaustion

23   requirement because defendant only had 11 days left on her sentence and provided medical

24   records that she suffered from Type II Diabetes and high blood pressure); *Matter of Extradition of*

25   *Toledo Manrique*, No. 19-MJ-71055, 2020 WL 1307109, at *1 (N.D. Cal. Mar. 19, 2020)

26   (releasing a defendant who was 74 years old and at "risk of serious illness or death if he remains

27   in custody"); *United States v. Powell*, 94 Cr. 316, ECF No. 98 (D.D.C. Mar. 28, 2020)

28   ("[R]equiring defendant to first seek relief through the Bureau of Prisons' administrative process

4

1   would be futile because defendant has an open misdemeanor case in Superior Court which . . .

2   renders defendant ineligible for home confinement.").

3        In most of the foregoing cases, courts excused the exhaustion requirement because the

4   defendants were over 65 years old and/or had severe, well-documented medical problems that put

5   them in a high-risk group for COVID-19.  Many of the defendants also had minimal time left on

6   their sentences, often less than the 30-day waiting period dictated by 18 U.S.C. § 3582(c)(1)(A).

7   Several of the defendants had in fact taken the first step of filing a request with the BOP.  None of

8   those facts exist in the instant case.  Based on the evidence before the Court, Defendant's age and

9   medical conditions do not place him at the same level of risk as those defendants in the above

10  cases.  Defendant is 30 years old and asserts he has high blood pressure as a result of his weight

11  (450 pounds) and lung problems resulting from smoke inhalation stemming from a car accident.

12  (ECF No. 152 at 20.)  These conditions are not sufficient to establish that Defendant would suffer

13  a catastrophic health consequence if he remains at the Sacramento County Jail.  This is especially

14  true because as of the date of this Order, there has only been one case of COVID-19 at that

15  facility and the inmate in question was released.  Lastly, Defendant has only served

16  approximately two months of his 48-month sentence.

17       Based on these critical factual distinctions, Defendant's cited authority is unpersuasive.

18  Defendant fails to present other grounds for excusing the exhaustion requirement, and the Court

19  declines to do so in the narrow circumstances of this case.  As it is, Defendant's failure to satisfy

20  the exhaustion requirement provides grounds to deny his motion without reaching the merits.  *See*

21  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL

22  1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust

23  administrative remedies in denying a COVID-19 compassionate release motion).

24  ///

25  ///

26  ///

27  ///

28  ///

B.      Extraordinary and Compelling Reasons

Even if the Court reaches the merits of Defendant's motion, Defendant is not entitled to release.  Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

For many of the reasons already discussed, Defendant's age and medical conditions are not serious enough to meet the extraordinary and compelling standard.  Defendant provides some medical documents in his motion indicating "a hint of congestion" in his lungs possibly from smoke inhalation as well as the police report from his car accident.  Defendant does not provide any evidence of his weight or medical conditions resulting from his weight.  Under normal circumstances, the Defendant's medical conditions would not satisfy the "extraordinary and compelling" standard.  With the onset of the COVID-19 pandemic, Defendant's health conditions may be cause for more concern, but still do not rise to the "extraordinary and compelling" standard.  Moreover, there is no evidence Defendant cannot provide self-care within the correctional facility.  Further, Defendant's age, 30, does not place him in a higher at-risk group.  As of the date of this Order, there has only been one confirmed case of COVID-19 at the Sacramento County Jail and the inmate in question had no contact with other inmates and has been released.

///

As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]").  Defendant's concerns are understandable but do not raise to the level of "extraordinary and compelling" at this time.

In sum, the Court DENIES Defendant's request for compassionate release because he failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.[1]

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion for Early Release.  (ECF No. 152.)

IT IS SO ORDERED.

DATED:  May 12, 2020

Troy L. Nunley
United States District Judge

---

[1]    To the extent Defendant alternatively asks the Court to change his custody status to home confinement, 18 U.S.C. § 3621(b) precludes the Court from doing so.  *See* 18 U.S.C. § 3621(b) (precluding judicial review of BOP placement decisions).