UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MASTERSON,<br><br>Defendant. | No. 2:18-cr-00010-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant James Masterson's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 171.) The Government filed an opposition. (ECF No. 175.) Defendant filed a reply. (ECF No. 177.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2019, Defendant pleaded guilty to use of a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b). (ECF No. 130.) On March 12, 2020, the Court sentenced Defendant to a 48-month term of imprisonment to be followed by a 12-month term of supervised release. (ECF No. 150.) Masterson is currently housed at Allenwood Medium FCI. He has served approximately 17 months of his 48-month sentence, and his projected release date with application of good conduct time is April 20, 2023.

On April 24, 2020, Defendant filed a motion for compassionate release based on his vulnerability to COVID-19. (ECF No. 153.) The Court denied Defendant's motion for failure to exhaust administrative remedies and for failure to show "extraordinary and compelling reasons" for release. (ECF No. 156.)

On March 24, 2021, Defendant filed the instant, second motion for compassionate release. (ECF No. 171.) Defendant requests the Court reduce his term of imprisonment to time served due to vulnerability to COVID-19 and family circumstances. (*Id.*)

## II. ANALYSIS

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on January 4, 2021. (ECF No. 175-1 at 6–10.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

B. <u>Extraordinary and Compelling Reasons</u>

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant maintains he has three documented conditions — severe obesity, hypertension, and respiratory issues from smoking — identified by the Centers for Disease Control and Prevention as high-risk factors for COVID-19 complications. (ECF No. 171 at 19); *see generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited April 26, 2021). BOP medical records — filed under seal — confirm Defendant suffers from these medical conditions. However, despite Defendant's medical conditions, it bears mentioning there are currently zero active inmate cases of COVID-19 at Defendant's facility. Federal Bureau of Prisons, COVID-19 Coronavirus, available at

https://www.bop.gov/coronavirus/ (last visited April 27, 2021). As such, Defendant's arguments about COVID-19 are arguably too speculative at this time. Further, it appears Defendant is capable of managing his medical conditions and the BOP has provided Defendant with adequate care thus far. The Government emphasizes Defendant recently refused the COVID-19 vaccine. (ECF No. 175 at 7.) Defendant summarily argues "[t]here are a variety of legitimate reasons why [Defendant] could have refused the vaccine." (ECF No. 177 at 4.) However, Defendant does not provide any specific evidence as to why he refused the vaccine, or that his supposed concerns about the vaccine were reasonable. The Court therefore agrees with the Government that Defendant's refusal of a vaccine undermines his argument that he does not have access to adequate medical care. For the foregoing reasons, Defendant has not shown that he is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

Defendant next argues he has three young children who were placed in foster care in July 2019 after their mother died of an overdose. (ECF No. 171 at 25.) Defendant asserts his children are now in the temporary care of his mother. (*Id.*) Defendant claims his mother cannot provide sufficient care for his children based on her own health and her need to care for her aging mother and husband. (*Id.*) In opposition, the Government emphasizes there is no evidence Defendant has ever provided appropriate care for his children. (ECF No. 175 at 8.) The Government further argues there is no evidence Defendant is a necessary caretaker for his mother, especially considering Defendant's brothers live near his mother and presumably can take care of her as needed. (*Id.* at 8–9.) Based on the existing record, Defendant fails to persuade the Court that he is needed as a caretaker to his family members, or that he would be an appropriate caretaker in any event. Accordingly, Defendant has failed to demonstrate extraordinary and compelling reasons for his release.

    C.  Section 3553(a) Factors

Even if the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a)

4

factors before granting compassionate release). Defendant's record shows a lengthy history of controlled substance convictions, a long-term substance abuse problem, and multiple violations of pretrial release. The applicable guidelines range was 120–150 months, but the statutory maximum for Defendant's offense was 48 months. The Court sentenced Defendant to the statutory maximum 48-month term of imprisonment. (ECF No. 150.) Defendant now seeks to reduce his sentence to time served despite having served only approximately 17 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, 48-month sentence to a considerably lower 17-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 48-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 171.)

IT IS SO ORDERED.

DATED: April 28, 2021

Troy L. Nunley
United States District Judge